UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WORTHINGTON,

        Plaintiff,

   v.

LEON E PANETTA, et al.,

        Defendants.

CASE NO. C11-5916 BHS

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Defendants Jerry Kosierowski, Timothy J. Lowenberg, and Leon E. Panetta's ("Federal Defendants") motion to dismiss (Dkt. 19) and Plaintiff John Worthington's ("Worthington") motion for partial summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

Borrowing from the Federal Defendants' metaphor, this is chapter three in the ongoing saga whether Worthington may obtain flight records of his government's planes flying over his property. Like any good novel, the first chapter introduced the reader to

the characters and the plot. The second chapter is on appeal, and the undersigned will refrain from commentary because the final draft may be written by another author. In the third chapter, Worthington alleges that his claims are exhausted and ripe for judicial review.

A. **Chapter One**

In the beginning, the federal government argued that the matter was not ripe for review. Specifically, the federal government argued that Worthington could simply ask for the documents via a *Touhy* request[1]. Because Worthington could obtain his desired result via an alternative means, the federal government asserted that judicial review was premature. The Court agreed and dismissed Worthington's complaint stating that, at that time, there was "not yet a case in controversy as between Worthington and Federal Defendants." *Worthington v. Gates*, 2011 WL 1459559, *2 (W.D. Wash. 2011).

B. **Chapter Two**

On appeal.

C. **Chapter Three**

On November 8, 2011, Worthington filed a complaint against the Federal Defendants, Christine Gregoire, and Robert M. McKenna. Dkt. 1 ("Complaint"). Worthington asserts three causes of action, two of which request judicial review of agency actions and the other being a declaratory judgment and injunction. *Id*. In his first cause of action, Worthington alleges that Secretary Panetta, through the National Guard

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

Board ("NGB"), has unlawfully asserted control over the documents in question. Complaint ¶¶ 4.1–4.8.

On March 22, 2012, the Federal Defendants filed a motion to dismiss Worthington's first cause of action. Dkt. 19. On April 9, 2012, Worthington responded and filed a cross-motion for partial summary judgment on the first cause of action. Dkt. 20. On April 13, 2012, the Federal Defendants replied to their motion. Dkt. 21. On April 30, 2012, the Federal Defendants responded to Worthington's motion. Dkt. 22. On May 4, 2012, Worthington replied. Dkt. 23.

## II. FACTUAL BACKGROUND

The Washington National Guard ("WNG") is the federally recognized militia of the State of Washington, and a part of the Washington Military Department ("WAMIL"), which is an agency of the State of Washington. The WNG engages in counter-drug activities pursuant to 32 U.S.C. § 112. These counter-drug activities are conducted in service of the State of Washington under Title 32 U.S.C. and occur while WNG units and personnel have not been activated into federal service under Title 10 U.S.C. Complaint, ¶¶ 3.1-3.4; Dkt. 8, ¶¶ 3.1-3.4. Defendants Lowenberg and Kosierowski are the WNG Adjutant General and the WNG counter-drug coordinator, respectively. Complaint, ¶¶ 2.5-2.6; Dkt. 10, ¶¶ 2.5-2.6.

From December 14, 2007, to May 31, 2008, Worthington requested various records relating to WNG counter-drug activities pursuant to the Washington Public Records Act, Chap. 42.56 RCW ("PRA"). In response to Worthington's requests for records under the PRA, Defendants asserted that records relating to WNG counter-drug

activities were "federal records" and that such records could only be obtained pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Complaint, ¶¶ 3.5-3.6; Answer (Federal) (Dkt. 10), ¶¶ 3.5-3.6.1

On April 18, 2011, Worthington made a formal *Touhy* request to the NGB for the WNG records at issue. This request resulted in an exchange of seven (7) letters in which Worthington and the NGB argued about whether Worthington had made a proper *Touhy* request and whether the NGB needed more information in order to act on Worthington's request.  Complaint, ¶¶ 3.22-28; Answer (Federal), ¶¶ 3.22-28.3.  The NGB ultimately determined that Worthington had failed to comply with its *Touhy* regulations and informed Worthington that the NGB considered the request to be withdrawn.  Dkt. 11 (letter dated October 25, 2012) at 4.

## III. DISCUSSION

**A.    Motion to Dismiss**

Although the Federal Defendants move to dismiss Worthington's first cause of action under Fed. R. Civ. P. 12(h)(3), the proper standard is under Fed. R. Civ. P. 12(b)(1).  *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (Rule 12(h)(3 merely prolongs the deadline for filing a motion under Fed. R. Civ. P. 12(b)(1)).  Under Rule 12(b)(1), a party may assert a facial attack or a factual attack for lack of jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In this case, the Federal Defendants appear to launch a facial attack. Worthington brings his first cause of action "for relief from unlawful agency action pursuant to 5 USC § 702." Complaint, ¶ 4.1. Worthington alleges that "the defendant Secretary of Defense, through the NGB, has asserted federal control over the Washington National Guard records requested by Worthington under the PRA." *Id.*, ¶ 4.2. The Federal Defendants move to dismiss this cause of action based on the premise that Worthington has failed to allege a final agency action that this Court may review. Dkt. 19 at 11. Specifically, they contend that Worthington "is unable to point to any affirmative and discrete action by federal defendants whereby it either 'asserted control' or 'prevented' the Washington Military Department from doing anything." *Id.* at 13. Thus, they contend that Worthington's allegations are insufficient on their face to invoke jurisdiction.

In resolving a facial attack, the Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Accepting Worthington's allegation as true, the Court must accept the allegation that Secretary Panetta asserted federal control over the relevant documents. Therefore, the issue is whether such an act constitutes a final agency action.

"Only final agency decisions are subject to review under the APA." *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732 (1998).

> For an agency action to be final, the action must (1) "mark the consummation of the agency's decision making process," and (2) "be one

by which rights or obligations have been determined, or from which legal consequences will flow."

*Oregon Natural Desert Ass'n v. U.S. Forrest Service*, 465 F.3d 977, 982 (9th Cir. 2006) (citing 5 U.S.C. § 704).  Under the APA, "[t]he core question is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties." *Id.*

In this case, the Federal Defendants argue that (1) Worthington has failed to identify a final agency action and (2) Worthington is attempting a "programmatic attack." First, Worthington has alleged an act that marks the consummation of the agency's decision making process and one from which legal consequences flow.  Secretary Panetta's alleged action does not appear to be tentative or interlocutory in nature. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).  For example, it has not been alleged that once the counter-drug activities are completed, the records will be not be under federal control.  To the contrary, Worthington has alleged that, because of the Secretary's actions, the only way Worthington may obtain the documents is through a *Touhy* request to the NGB.  The decision appears to be final.  Moreover, this final decision results in the determination that Worthington's legal rights are to be considered under the NGB's *Touhy* regulations.  Therefore, the Court denies the Federal Defendants' motion on this issue.

Second, the Federal Defendants argue that Worthington is attempting to challenge the entire relationship between the NGB and the Washington National Guard.  Dkt. 19 at 15–16.  In *Lujan v. National Wildlife Fed'n*, 497 U.S. 871 (1990), the Supreme Court

ORDER - 6

held that "respondent cannot seek wholesale improvement of [the agency's] program by court decree, rather than in the offices of the [federal agency] or the halls of Congress, where programmatic improvements are normally made." *Id*. at 891. Worthington, however, has not alleged that the entire relationship is unlawful. Worthington challenges, at most, two concrete and discrete acts:

> The Secretary of Defense, through the NGB, has acted unlawfully and in excess of its statutory and constitutional authority in asserting federal control over the Washington National Guard records requested by Worthington under the PRA and/or by preventing the Washington Military Department from producing the Washington National Guard records requested by Worthington under the PRA.

Complaint, ¶ 4.8. This is not a "programmatic challenge." Therefore, the Court denies the Federal Defendants' motion to dismiss Worthington's first cause of action.

**B.     Summary Judgment**

   **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[W]here the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (moving party with burden of persuasion at trial "must establish 'beyond controversy every essential element of its' claim.").

### 2. Worthington's Motion

In this case, Worthington "moves the Court for partial summary judgment that the Court has subject matter jurisdiction under the Administrative Procedure Act, 5 USC §§ 701–706 (APA) to adjudicate Worthington's First Cause of Action." Dkt. 20 at 1. At this time, the basis for the Court's jurisdiction on this claim is Worthington's mere allegation that Secretary Panetta has engaged in one or more particular actions. This is hardly evidence that shows that a reasonable trier of fact could not find for the government. Therefore, the Court denies Worthington's motion.

With regard to the administrative record related to the issue of federal control, the Court expects the Federal Defendants to timely file the record. Then, as Worthington contends (Dkt. 20 at 16), the issue of control may properly be presented to the Court for dispositive determination.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Federal Defendants' motion to dismiss (Dkt. 19) is **DENIED** and Worthington's motion for partial summary judgment (Dkt. 20) is **DENIED**.

Dated this 19th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge