UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WORTHINGTON,

            Plaintiff,

v.

LEON E. PANETTA, et al.,

            Defendants.

CASE NO. C11-5916 BHS

ORDER DISMISSING ACTION
FOR LACK OF JURISDICTION

This matter comes before the Court on the Court's order requesting briefing re: standing (Dkt. 54) and the parties' supplemental briefs (Dkts. 55, 57, & 59). The Court has considered the parties' pleadings and the remainder of the record and hereby dismisses the action for lack of jurisdiction.

**I. PROCEDURAL HISTORY**

On November 8, 2011, Plaintiff John Worthington ("Worthington") filed a complaint against Defendants Jerry Kosierowski, Timothy J. Lowenberg, and Leon E. Panetta ("Federal Defendants"), Christine Gregoire, and Robert M. McKenna. Dkt. 1 ("Complaint"). Worthington asserts three causes of action, two of which request judicial review of agency actions and the other being a declaratory judgment and injunction. *Id*.

In his first cause of action, Worthington alleges that Secretary Panetta, through the National Guard Board ("NGB"), has unlawfully asserted control over the Government flight records of flying over Worthington's property. Complaint ¶¶ 4.1–4.8.

On March 22, 2012, Federal Defendants moved to dismiss Worthington's first cause of action for lack of subject matter jurisdiction. Dkt. 19. On July 19, 2012, the Court denied the motion concluding that there was a final agency action to review and that Worthington was not asserting a programmatic challenge. Dkt. 24.

On October 3, 2013, Worthington filed a motion for summary judgment. Dkt. 38. On November 12, 2013, Defendants replied and filed a cross-motion for summary judgment. Dkt. 47. On November 15, 2013, Worthington replied. Dkt. 52. On December 6, 2013, Defendants replied. Dkt. 53.

On January 23, 2014, the Court requested additional briefing on the issue of standing because the parties disputed whether Worthington had received all of the records that he has requested from the Defendants. Dkt. 54. On January 31, 2014, Worthington submitted a supplemental brief. Dkt. 55. On February 7, 2014, Defendants submitted a supplemental response. Dkt. 57. On February 12, 2014, Worthington submitted a supplemental reply. Dkt. 59.

## II. FACTUAL BACKGROUND

The Washington National Guard ("WNG") is the federally recognized militia of the state of Washington, and a part of the Washington Military Department ("WAMIL"), which is an agency of the state of Washington. The WNG engages in counter-drug activities pursuant to 32 U.S.C. § 112. These counter-drug activities are conducted in

service of the state of Washington under Title 32 U.S.C. and occur while WNG units and personnel have not been activated into federal service under Title 10 U.S.C.  Complaint, ¶¶ 3.1-3.4; Dkt. 8, ¶¶ 3.1-3.4.  Defendants Lowenberg and Kosierowski are the WNG Adjutant General and the WNG counter-drug coordinator, respectively.  Complaint, ¶¶ 2.5-2.6; Dkt. 10, ¶¶ 2.5-2.6.

From December 14, 2007, to May 31, 2008, Worthington requested various records relating to WNG counter-drug activities pursuant to the Washington Public Records Act, Chap. 42.56 RCW ("PRA").  In response to Worthington's requests for records under the PRA, Defendants asserted that records relating to WNG counter-drug activities were "federal records" and that such records could only be obtained pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Complaint, ¶¶ 3.5-3.6; Answer (Federal) (Dkt. 10), ¶¶ 3.5-3.6.1

### III. DISCUSSION

As a threshold matter, the Court must address two procedural arguments made by Worthington.  First, Worthington argues that there "is no court rule that allows the defendants to make new factual allegations without allowing the plaintiff to respond . . . ."  Dkt. 59 at 2.  The Court agrees and will consider (1) the supplemental declaration of Todd Millard (Dkt. 58 ("Millard Dec.")) and (2) Worthington's response (Dkt. 59).

Second, Worthington argues that the Federal Defendants "never alleged standing in their *Answer*, and they never challenged Worthington's standing in a proper motion."  Dkt. 59 at 2.  This is irrelevant because standing confers jurisdiction and the Court may *sua sponte* address its jurisdiction at *any time*.  Fed. R. Civ. P. 12(h)(3).  Once the Court

was aware that the remaining issue was *how* Worthington received requested documents and not *whether* Worthington received requested documents, the Court requested additional briefing on the issue of jurisdiction. The Court now turns to Worthington's standing.

To satisfy Article III standing requirements, a plaintiff must show that: (1) plaintiff has suffered "injury in fact" that is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–181(2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61). Plaintiff bears the burden of proof to establish standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

In this case, Worthington has failed to show that he has suffered an injury that can be redressed by a favorable decision from this Court. First, Worthington argues that he was injured when the Federal Defendants asserted federal control of WNG records and that the injury is ongoing because he "still has not obtained all of [the records he requested]." Dkt. 55 at 10. Worthington supports this argument with hypothetical factual allegations and actual factual allegations. For example, he alleges that "he has no way of knowing whether the [defendant's] response . . . is complete . . . ." Dkt. 55 at 3. This is a hypothetical injury because Worthington fails to identify any specific document that has been withheld from him and that the Court may order to be produced. Such an allegation does not confer standing.

On the other hand, Worthington asserts that he requested three types of documents that have not been provided to him.

> Specifically, Worthington has not received the situational reports and after action (AAR) reports that he requested on or about April 25, 2008, and he has not received the memoranda of understanding (MOUs) that he requested on or about May 31, 2008.

Dkt. 55 at 5–6.  Contrary to this assertion, Mr. Millard declares that Federal Defendants have either supplied every document requested from them pursuant to Worthington's FOIA requests or such documents do not exist.  Millard Dec., ¶¶ 4–8.  Worthington responds that these assertions are "false, intentionally misleading, and not supported by the record."  Dkt. 59 at 5.  Yet, Worthington fails to identify a single document that these Federal Defendants possess and have failed to produce causing Worthington any injury in fact.  *See* Dkt. 59 at 2–10.  Therefore, the Court concludes that Worthington has failed to meet his burden on this requirement of standing.

With regard to the issue of a redressability, no decision from this Court will solve Worthington's problems under the PRA.  Worthington explains:

> (i) Worthington's rights under the PRA are not automatically vindicated by merely obtaining the same records from another source, (ii) Worthington needs this Court to reverse the federal defendants' illegal actions so that he may pursue his state court case, and (iii) Worthington seeks to vindicate his right to have his future access to Title 32 WNG records determined under the PRA and in state courts.

Dkt. 59 at 11.  Worthington's rights under the PRA should be determined by the state courts, including whether there was inappropriate federal interference with those rights.  On one hand, if a state court orders production of federal documents, then the federal government may seek protection in an Article III court.  On the other hand, if a state

court is faced with a request for production of federal documents under the PRA, the state court can interpret and rule upon both federal and state law. In either of these cases, there would be a concrete injury and actual controversy that could be redressed. Now, however, it is purely speculative that any decision by this Court would redress Worthington's alleged injuries under the PRA. Therefore, the Court concludes that Worthington lacks standing to pursue this action.

## IV. ORDER

Therefore, it is hereby **ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

Dated this 12th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge